# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6990 | **DATE** | March 29, 2002 |
| **CASE TITLE** | *American National Bank v. Alps Electric* | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Burlet's motion for default against NIT and West is denied as to NIT and granted as to West. NIT shall answer or otherwise plead by April 15, 2002. It is warned that any requests for extensions of any kind will be strongly disfavored.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| ✓ | Notices mailed by judge's staff. | | | MAR 29 2002 | | |
| | Notified counsel by telephone. | | | date docketed | | 74 |
| | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| ✓ | Copy to judge/magistrate judge. | | | date mailed notice | | |
| RTS | courtroom deputy's initials | | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | | |

U.S. DISTRICT COURT
CLERK
02 MAR 29 PM 12: 49
FILED-ED 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| AMERICAN NATIONAL BANK | ) | |
| AND TRUST COMPANY | ) | |
| OF CHICAGO, | ) | |
|       Plaintiff, | ) | |
|  | ) | |
|    v. | ) | No. 99 C 6990 |
|  | ) | |
| ALPS ELECTRIC CO., LTD., NIT | ) | |
| HOLDINGS LIMITED, MATHIAS | ) | |
| BURLET, and DONALD WEST, | ) | |
|       Defendants. | ) | |

DOCKETED

MAR 2 9 2002

## MEMORANDUM AND ORDER

In this interpleader action pursuant to 28 U.S.C. § 1335, plaintiff American National

Bank and Trust ("ANB") deposited $12,000,000.00 with the clerk of this court and was

subsequently dismissed. ANB named four defendants as possible claimants: Alps Electric Co.,

Ltd. ("Alps"), NIT Holdings Limited ("NIT"), Mathias Burlet, and Donald West. Alps and

Burlet have appeared and answered but neither NIT nor West has done so. Burlet's motion for

entry of a default judgment as to NIT and West pursuant to Fed. R. Civ. P. 55(b)(2) is before the

court. For the following reasons, this motion is granted as to West and denied as to NIT.

## I.     Background

West was served with process in this case on November 23, 1999, and the return of

service was filed six days later. West has not appeared, filed a claim to the interpleaded funds, or

responded to this motion. NIT was served with process November 10, 1999, and the return of

service was filed nine days later. The return of service indicates that the process server

personally served Tom Marzullo of NIT and also notes "received a call from Don West

indicating receipt of service 11/11/99."

74

On December 9, 1999, Clifford Greenside, NIT's Chairman and Managing Director, executed a waiver of service of summons. That waiver was filed on January 4, 2000. At a hearing on Burlet's motion for default over a year later, counsel for NIT appeared for the first time and requested leave to respond to the motion. The court granted NIT's request.

NIT contends that it was never served with process, citing to the affidavit of Perry N. Hammer, NIT's Chief Financial Officer of NIT, which states that NIT's registered agent is located in the British Virgin Islands and that this individual was never served. In addition, NIT asserts that ANB's counsel knew that NIT's counsel had appeared in a similar case in the Circuit Court of Cook County but nevertheless did not contact NIT about this case.

Burlet disagrees, pointing to the waiver of service of summons executed by Greenside, and a resolution of the directors of NIT dated October 23, 1999 appointing Greenside as a director. In response to NIT's claim that it was unaware of this suit, Burlet notes that NIT's counsel participated in the deposition of a witness in this case (Jeffrey Hrynash) in late 2000.

## II. Discussion

### A. Standard for a Motion for Default Judgment

A party is in default if she fails to plead or otherwise defend. Fed. R. Civ. P. 55(a). Upon application, the court may enter a default judgment if the amount at issue is not for a sum certain. Fed. R. Civ. P. 55(b)(2). Interpleading stakeholders can utilize Rule 55 when other parties fail to defend. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2701 (1998). The decision to enter a default judgment lies within the discretion of the district court. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir. 1990). The amount of money

potentially involved, the presence or absence of disputed factual issues or issues of public importance, whether the default was largely technical, whether the plaintiff was substantially prejudiced by the delay, and whether the grounds for default are clearly established all can affect whether entry of a default judgment is warranted. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* at § 2685.

## B.    Burlet's Motion for Default Judgment

Burlet is clearly entitled to a default judgment as to West because affidavits show that West was served in November of 1999 and has failed to appear or otherwise respond to the complaint. *See* Fed. R. Civ. P. 55; *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d at 1398 (entry of default after defendant's unexplained failure to appear, answer or otherwise respond for approximately a year and a half was not an abuse of discretion).

With respect to NIT, on the one hand, NIT asserts that its registered agent was never served with process. On the other hand, Burlet has provided a waiver of service of summons executed by NIT's Chairman and Managing Director, Clifford Greenside. NIT's position appears to be that, because its registered agent was not served, it is not part of this case and hence cannot be defaulted. This line of reasoning is at odds with basic rules of civil procedure. Specifically, a Rule 12(b)(5) motion to dismiss for insufficiency of service of process is the proper way to bring this to the court's attention. A party who waits until a motion for default judgment is filed to raise allegedly deficient service does so at its own risk.

Service may be effected upon a corporation by "delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process ... ." Fed. R. Civ. P. 4(h)(1); *see also Haas*

3

*v. Fancher Furniture Co.*, 156 F. Supp. 564, 566 (N.D. Ill. 1957) (delivery of summons to corporate president and secretary was sufficient to effect service upon an officer). Accordingly, service on a corporation can be effected by serving process on persons other than the registered agent. *See* 4A Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 1103 (1998). Here, Clifford Greenside, an officer of NIT, executed a waiver of service of summons. Therefore, NIT was properly served.

In other words, a plaintiff has "no obligation to serve . . . the registered agent." *Allegheny Int'l Credit Corp. v. Va. Chain Distribs., Inc.*, 97 F.R.D. 17 (W.D. Pa. 1982). In *Allegheny International*, the president of the defendant corporation signed a return receipt of summons. The defendant corporation failed to answer and the clerk of court entered default judgment against it. The defendant corporation asked the court to set aside the default, arguing that even though the president had been served, the corporation's registered agent had not been served. The president also submitted an affidavit stating that he believed the registered agent had also been served, and that the registered agent would bring the suit to the attention of the appropriate individuals at the corporation. *Id.* at 18.

The district court denied the motion to set aside the default judgment, holding that the plaintiff had properly served the defendant corporation when it served the president, even though the registered agent had not been served. *Id.* at 19. The court emphasized that the defendant had actual knowledge of the suit, and the president could have easily contacted the corporate counsel and registered agent upon receipt of the summons. *Id.* at 19.

In this case, as in *Allegheny International*, NIT received proper notice of this action because Greenside, its Chairman and Managing Director, executed a waiver of service of

summons. NIT does not contend that Greenside is not a corporate officer and has not presented any evidence which shows that the waiver was somehow invalid. "A signed return of service constitutes prima facie evidence of valid service." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d at 1398; *see also Quilling v. Shaw*, No. 3-00-CV-1405-M, 2001 WL 513429 at *3 (N.D. Tex. May 9, 2001) (a signed waiver of service of summons evinced valid service, even though the defendant claimed that she did not understand that she had waived service).

All NIT has done to refute the validity of the waiver is provide an affidavit from its Chief Financial Officer to the effect that NIT's registered agent had not been served with process. Given that service on a corporate officer is sufficient, this evidence is far from "strong and convincing evidence" that the waiver is valid. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d at 1398. Accordingly, the court finds that NIT was properly served.

As NIT has failed to answer or otherwise respond to the complaint since executing the waiver on December 9, 1999, it is unequivocally in default. Fed. R. Civ. P. 55(a). More than two years have elapsed since the execution and filing of the waiver. Moreover, NIT never filed a motion to dismiss for insufficiency of service and presumably did not even look at Rule 4(h)(1) which, on its face, states that service may be effected upon a corporation by "delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The court's first inclination was, therefore, to enter a default judgment against NIT and take it out of the ranks of contenders for the $12,000,000. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d at 1398.

However, as noted above, the amount of money at issue, the presence of disputed factual issues, and the presence or lack of substantial prejudice caused by the delay are all relevant to

whether the entry of a default judgment is warranted. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* at § 2685. This case turns to who is entitled to twelve million dollars, and as reflected in the court's memorandum addressing the motions for summary judgment filed by Alps Electric Company and Mathias Burlet, the facts are disputed virtually across the board. On the other hand, NIT has been dilatory and has unnecessarily delayed disposition of this 1999 case.

Nevertheless, because $12,000,000 is at issue, the facts are disputed, and purely money damages are at issue, the court, in an exercise of its discretion, finds that entry of a default judgment is not warranted. NIT shall answer or otherwise plead by April 15, 2002. It is warned that any requests for extensions of any kind will be strongly disfavored.

## III. Conclusion

For the reasons set forth above, Burlet's motion for default against NIT and West is denied as to NIT and granted as to West. NIT shall answer or otherwise plead by April 15, 2002. It is warned that any requests for extensions of any kind will be strongly disfavored.

DATE: *3-29-02*

Blanche M. Manning
United States District Judge

99cv6990.default

6