# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge If Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6990 | **DATE** | 1/13/2004 |
| **CASE TITLE** | American National Bank & Trust Co of Chicago vs. Alps Electric Co, Ltd. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion hearing held. For the reasons stated in the attached Memorandum Opinion and Order, Morrison & Mix's petition to adjudicate attorneys lien [136-1] is granted to the extent the Court had adjudicated is purported attorney's lien and denied to the extend is sought an award of fees from the remaining settlement funds. Mathias Burlet's motion to invalidate Morrison & Mix's notice of attorneys' lien is granted. Motion to transfer trust funds is denied as moot. All matters related to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 1-15-04 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 158 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 1/13/2004 date mailed notice | |
| hmb | courtroom deputy's initials | Date/time received in central Clerk's Office | hmb mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN NATION BANK AND TRUST COMPANY OF CHICAGO | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 99 C 6990 ) |
| ALPS ELECTRIC CO., LTD. NIT HOLDINGS LIMITED, MATHIAS BURLET, and DONALD WEST | ) Magistrate Judge Nan R. Nolan ) ) ) ) |
| Defendants. | ) ) |

**DOCKETED JAN 1 5 2004**

## MEMORANDUM OPINION AND ORDER

This interpleader action has been referred to this Court for resolution of Morrison & Mix's Petition to Adjudicate Attorneys Lien [136-1] and Mathias Burlet's Motion to Invalidate Morrison & Mix's Notice of Attorneys' Lien [137-1]. For the reasons explained below, Morrison & Mix's Petition to Adjudicate Attorneys Lien is granted in part and denied in part, and Mathias Burlet's Motion to Invalidate Morrison & Mix's Notice of Attorneys' Lien is granted.

## BACKGROUND[1]

American National Bank ("ANB") brought this interpleader action pursuant to 28 U.S.C. § 1335 to determine the rights of several claimants to approximately $10.1 million it held in an account in the name of Donald West. After depositing the funds in an account maintained by the Clerk of the Court, ANB was dismissed from this action. Defendant NIT Holdings Limited ('NIT") filed an answer and an appearance but did not assert a claim to the funds at issue. A default judgment was

---

[1] The factual background of this case has been set forth in a previous decision in this matter. See American National Bank and Trust Co. of Chicago v. Alps Electric Co., Ltd., et al., 2002 WL 484849 (N.D. Ill. March 29, 2002). The Court assumes familiarity with those facts.

entered against NIT. Defendant Donald West did not assert any claim to the interplead funds, and in his deposition testified that the interplead funds belonged to Defendant Alps Electric Co., Ltd. ("Alps"). Seishin, Ltd. ("Seishin") was granted leave to intervene. The remaining parties, Defendant Mathias Burlet ("Burlet"), Alps, and Seishin reached a settlement dividing the interplead funds among them.

Burlet and his former attorneys, the law firm of Morrison & Mix, now seek to determine who is entitled to approximately $175,000 from the settlement funds that Burlet received. Morrison & Mix claims that it has an attorney's lien over these funds. The district court ordered the law firm of Altheimer & Gray to retain $175,000 of the interplead funds in its client trust fund pending resolution of Morrison & Mix's purported attorney's lien.

## DISCUSSION

Burlet raises three main arguments in support of his request that the Court invalidate the attorney's lien asserted by Morrison & Mix over the funds distributed in settlement of this action: 1) the November 15, 1999 Notice of Attorney's Lien (Lien Notice) failed to comply with the statutory requirements; 2) Morrison & Mix cannot assert an equitable lien; and 3) Morrison & Mix has already been paid reasonable compensation for its services. The Court addresses Burlet's arguments in turn.

A.  **Statutory Lien**

The requirements for an effective statutory lien are set forth in the Illinois Attorney's Lien Act. The statute provides in pertinent part:

> Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted,

> for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, plus costs and expenses.
>
> * * *
>
> To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action.

Thus, the statute sets forth three requirements for an effective lien: 1) the attorney was hired by a client to assert a claim; 2) the attorney must perfect the lien by serving notice in writing; and 3) the notice must be served on the party against whom the client has the claim. Rhoades v. Norfolk & Western Railway Co., 399 N.E.2d 969, 973 (Ill. 1979). Morrison & Mix bears the burden of establishing valid service. Zazove v. Wilson, 80 N.E.2d 101, 103 (Ill.App.1948).

Burlet argues that the Lien Notice failed to comply with the second and third requirements of the statute. The Court agrees that notice was not served on Alps, a party against whom Burlet had a claim.[2] Burlet served the Lien Notice on certain parties' attorneys: John Heaphy, attorney for Alps; Daniel DuPre, in-house counsel for Bank One; Donald West, attorney and/or officer of NIT; and Howard Brinton, attorney for Donald West. Alps was only served through its counsel, John Heaphy. Service on a party's attorney is insufficient to perfect an attorney's lien. In re Del Grosso, 111 B.R. 178, 182 (Bankr. N.D. Ill.1990); Cazalet et. al. v. Cazalet et. al., 54 N.E.2d 61, 63 (Ill.App. 1944).

Morrison & Mix argue that ANB, the stakeholder, "was the only person against which Mr. Burlet asserted a claim" and thus, the only party requiring service of the Lien Notice to perfect the lien. Morrison & Mix's Petition, p. 11. The statute requires service "upon the party against whom

---

[2] Because notice was not properly served on Alps, the Court need not address whether notice was properly served on ANB/Bank One and NIT or by any of the prescribed means.

their clients may have such suits, claims or causes of action." Morrison & Mix's argument is inconsistent with the nature of the interpleader action. Interpleader has long existed for the purpose of enabling "a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder." Indianapolis Colts v. Mayor and City Council of Baltimore, 733 F.2d 484, 486 (7th Cir.1984). Parties in interpleader actions have claims against each other, not only the stake holder. "In fact, federal interpleader contemplates that the stakeholders may be discharged from the litigation once the fund is deposited with the court, leaving the adverse claimants to litigate their dispute between themselves." Walker v. Pritzker, 705 F.2d 942, 944 (7th Cir. 1983).

Burlet's claim was against not only the stakeholder, ANB, but also against the other parties claiming rights in the property. In an interpleader action, the claimants' rights in the property with respect to each other is litigated. That is exactly what Burlet sought to do here–he pressed his claim that he, rather than the other claimants (Alps and Seishin) had a right to the proceeds. Burlet and Alps were adverse claimants to a particular stake held by ANB. The Court thus concludes that Morrison & Mix needed to serve Alps with the Lien Notice in order to adequately perfect its statutory lien.

Morrison & Mix's brief states that Alps was not licensed to engage in business in the State of Illinois and had no other representatives in Illinois. Morrison & Mix Memo., p. 4 fn.2. Morrison & Mix cite no authority, and the Court is aware of none, indicating that this fact somehow excuses the statutory requirement that all parties, not their attorneys, be served with notice of an attorney's lien. Morrison & Mix also states that "[s]ervice of the attorney's lien on Alps Electric is not in issue

here as enforcement of the lien against that entity is not involved in the instant claim." Morrison & Mix Memo., p. 11 fn.8. The Court has no idea what this statement means, and Morrison & Mix made no effort to explain it. Thus, this assertion cannot support a finding that the statutory lien was properly perfected.[3] Morrison & Mix has failed to establish compliance with the requirements of the Illinois Attorney's Lien Act, and no valid, enforceable attorney's lien exists against the remaining settlement proceeds.

**B.** **Equitable Lien**

Burlet also argues that Morrison & Mix does not have a basis for asserting an equitable lien because there was no contingency agreement for its work on the federal litigation. "In Illinois, an attorney acquires an equitable lien on a judgment if the agreement between attorney and client makes an equitable assignment of a portion of the recovery, as opposed to a mere promise to pay." Home Federal Savings and Loan Assoc. of Centralia v. Cook, 525 N.E.2d 151, 153 (Ill.App. 1988). Because Morrison & Mix has failed to respond to Burlet's equitable lien argument, the Court assumes that Morrison & Mix does not assert that it has an equitable lien. In any event, Morrison & Mix has failed to establish any facts indicating that Burlet promised or assigned Morrison & Mix a portion of the proceeds of the federal litigation. Such a promise or assignment is a requirement for the creation of an equitable lien. See McKee-Berger-Mansueto, Inc. v. Board of Educ., 691 F.2d 828, 836-37 (7th Cir. 1982).

---

[3] Morrison & Mix also argue that the "issue of enforceability of the attorney's lien is moot because the lien has already been honored and enforced by the parties' agreement." The Court rejects this argument. Morrison & Mix's Memo., pp. 11-12. The district court specifically retained jurisdiction to adjudicate the validity of the lien, and Morrison & Mix cites no authority for its claim that "[t]he validity of service of notice of the attorney's lien is no longer germane to this petition because the parties against whom the lien was enforceable [ANB and the Clerk of the Court] no longer control any of the settlement proceeds." Id., p. 12.

C.  **Other Remedies**

"[A]n attorney's lien is not the sole remedy for an attorney who is seeking to collect fees. An attorney who has not perfected a lien is still entitled to sue the client . . . to recover for his services." DeKing v. Urban Investment and Development Co., 508 N.E.2d 377, 379 (Ill.App. 1987). Morrison & Mix's Memorandum states that it is entitled to an additional $131,752.53 as compensation for its services. Burlet disputes the reasonableness of Morrison & Mix's fees and argues that the $70,000 that Morrison & Mix already received from Burlet more than sufficiently compensates it for its services and Morrison & Mix is not entitled to any additional fees. Burlet also states that the question of whether Morrison & Mix is entitled to any payment beyond the fee already paid can not be adjudicated on the current record and Burlet needs discovery to fully respond to the claim for fees.

Morrison & Mix is entitled to be compensated for the work it performed on behalf of Burlet, but this Court is not the appropriate forum for litigating Morrison & Mix's dispute with its former client. Absent proper perfection of a lien, this Court has no jurisdiction to adjudicate the fee claim. The district court retained jurisdiction solely "to adjudicate Morrison & Mix's claim for attorney lien," not the entire question of Morrison & Mix's entitlement to fees. See May 30, 2003 Minute Order. Without deciding whether Morrison & Mix has any other remedy under Illinois law, the Court notes that Illinois case law permits recovery for breach of contract (if one exists between the parties) or under a quantum meruit theory. See Sutherland v. O'Malley, 882 F.2d 1196, 1200 (7th Cir. 1989); Stefanich, McGarry, Wols & Okrei, Ltd. v. Hoeflich, 632 N.E.2d 1064 (Ill.App. 1994).

## CONCLUSION

For the reasons set forth above, Morrison & Mix's Petition to Adjudicate Attorneys Lien [136-1] is granted to the extent the Court has adjudicated its purported attorney's lien and denied to the extent it sought an award of fees from the remaining settlement funds. Mathias Burlet's Motion to Invalidate Morrison & Mix's Notice of Attorneys' Lien [137-1] is granted. The remaining settlement funds shall be released to Burlet.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: 1-13-04